UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
VANESSA SCOTT AND EDUARDO PIERRE
on behalf of themselves and
all other similarly situated consumers

                              Plaintiffs,

      -against-


PINNACLE RECOVERY, INC.

                              Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Vanessa Scott and Eduardo Pierre seek redress for the illegal practices of Pinnacle Recovery, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Carlsbad, California.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Vanessa Scott and Eduardo Pierre*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiffs.

10. On or about June 12, 2014, Defendant sent the Plaintiffs a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said June 12, 2014 collection letter was received by the Plaintiff in an envelope which contained a glassine window.

12. Through the window of the envelope, was visible the consumer's account number assigned by the Defendant, above the Plaintiff's name and address.

13. Section 1692f of the FDCPA states:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

14. The account number, which appeared through the glassine window and was able to be viewed by any person handling the mail, constitutes an invasion of privacy; as it reveals to the person who sees it, a core piece of information pertaining to the Plaintiff's status as a debtor.

15. The account number, when disclosed to the public eye, exposes the consumer's financial quandary.  Douglass v. Convergent Outsourcing, 13-3588, 2014 WL 4235570 (3d Cir. Aug. 28, 2014). (Because Convergent's disclosure implicated core privacy concerns, it cannot be deemed benign . . . Convergent insists that Douglass's account number is a meaningless string of numbers and letters, and its disclosure has not harmed and could not possibly harm Douglass. But the account number is not meaningless—it is a piece of information capable of identifying Douglass as a debtor . . . Accordingly, Douglass's account number is impermissible language or symbols under § 1692f(8).)

16. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiffs.

17. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

18. The said letter is a standardized form letter.

19. Defendant's June 12, 2014 letter is in violation of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

20. Plaintiffs re-state, re-allege, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiffs and the members of a class.

22. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiffs on or about June 12, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Westgate Resorts; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letter contained violations of 15 U.S.C. §§ 1692f and 1692f(8) for using unfair and unconscionable means to collect on an alleged debt, and for sending collection letters to consumers, which reveal information, other than the Defendant's name and/or address.

23. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

24. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendant and award damages as follows:

A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 14, 2015

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiffs request trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein___
Adam J. Fishbein (AF-9508)

PO Box 130848  
Carlsbad CA 92013



888-831-1804  
Fax (760) 929-6695

June 12, 2014

Regarding: Westgate Resorts  
Account #: ☐ 101  
Assigned Amount: $23,010.57  
Misc Costs: $ 0.00  
Amount Due: $23,010.57



ACA  
INTERNATIONAL  
The Association of Credit and Collection Professionals  
Member

**THIS HAS BEEN SENT TO YOU BY A COLLECTION AGENCY**

Dear Vanessa Scott / Eduardo Pierre,

We feel we have given you every opportunity to amicably resolve your obligation to our client. It is obvious that you have ignored our efforts to negotiate a satisfactory resolution.

We expect to be given instruction by our client as to the next step towards enforcing their available rights and remedies.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for this purpose.

Sincerely,

Rebecca Beatty, Ext. 1119  
**Pinnacle Recovery, Inc.**  
**(888) 831-1804**

 **How To Reach Us**

| **Mailing address:** | **Website address:** | **? Billing questions:** |
|---|---|---|
| Pinnacle Recovery, Inc.<br>PO Box 130848<br>Carlsbad CA 92013-0848 | PAY YOUR BILL ONLINE 24 HOURS A DAY, 7 DAYS A WEEK<br>Visit us online at:<br>www.paypinnaclerecovery.com | Business Office<br>Mon – Thurs: 7:00 am – 7:00 pm PT<br>Friday: 7:00 am – 5:00 pm PT<br>Saturday: 7:00 am –11:00 am PT<br>(888) 831-1844 |

**Please see reverse side of this letter for important information.**

46CU080405COLFEES3

* * * Detach Lower Portion and Return with Payment in the Enclosed Envelope * * *

PO Box 130848  
Carlsbad CA 92013-0848  
CHANGE SERVICE REQUESTED

As an additional convenience, this office accepts  
**VISA, MasterCard and American Express.** ▶  
Please see reverse side for payment options.

June 12, 2014

Pinnacle Recovery, Inc.  
PO Box 130848  
Carlsbad CA 92013-0848

☐ 101-COLFEES3    331661597

PERSONAL & CONFIDENTIAL  
Vanessa Scott / Eduardo Pierre  
893 Schenck Ave Apt 3A  
Brooklyn NY 11207-8641

Regarding: Westgate Resorts  
Account #: ☐ 101  
Amount Due: $23,010.57